**IN THE COURT OF APPEALS OF IOWA**

No. 15-1536
Filed December 23, 2015

**IN THE INTEREST OF X.P., D.P., and Z.P.,**
**Minor Children,**

**K.P., Mother,**
          Appellant.

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Gina E. Verdoom of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Janet Hoffman, Assistant Attorneys General, for appellee State.

Congarry Williams of the State Public Defender's Office, Des Moines, for minor children.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

The mother appeals from the juvenile court's order terminating her parental rights to her three children, X.P., D.P., and Z.P.[1] She does not dispute that the statutory grounds for termination have been met, nor does she argue that a permissive factor makes termination unnecessary. Her sole contention on appeal is that the termination of her parental rights is not in the best interests of the children. Because the mother has not yet addressed her mental health issues and her use of an illegal substance and because the children are in need of permanency now, termination of the mother's parental rights is in the best interests of the children. We affirm.

**I. Background Facts and Proceedings.**

On June 16, 2014, the mother was assaulted by her paramour while pregnant with X.P. She took Z.P.—who was almost one year of age—and D.P.—who was three years of age—with her to an Ames hospital. While she was at the hospital, the mother was placed under a mental health commitment order due to being in a manic state. The Iowa Department of Human Services (DHS) was contacted in order to place the children in care.

DHS spoke to the mother the next day. She admitted she had been drinking alcohol and smoking marijuana while pregnant. She also tested positive for marijuana. The mother reported that she went to the hospital after her paramour beat her up and that the children were present for the assault.

Due to behavior exhibited by D.P., she was taken to a child protection center for an interview on July 8, 2014. At the interview, D.P. spoke about being

---

[1] The parental rights of multiple fathers were also terminated. No father appeals.

sexually abused by two of the mother's paramours. She also spoke of witnessing her mother have sex with multiple men. The mother corroborated this statement when she acknowledged that D.P. "probably saw more than one man between my legs."

On September 5, 2014, D.P. and Z.P. were each adjudicated to be a child in need of assistance pursuant to Iowa Code sections 232.2(6)(b), (c)(2), and (n) (2013).

X.P. was born on November 13, 2014, and was immediately removed from the mother's care. X.P. tested positive for THC at birth, and the mother admitted smoking marijuana up until his birth.

On December 17, 2014, X.P. was adjudicated a child in need of assistance pursuant to sections 232.2(6)(c)(2), (d), and (n).[2] The same day, a permanency hearing was held regarding all three children. The court granted the mother a six-month extension for reunification, finding that the children would be

---

[2] The relevant provisions provide:
> 6. "Child in need of assistance" means an unmarried child:
>
> . . . .
> b. Whose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child.
> c. Who has suffered or is imminently likely to suffer harmful effects as a result of any of the following:
>
> . . . .
> (2) The failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.
>
> . . . .
> d. Who has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides.
>
> . . . .
> n. Whose parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care.

able to return home within no more than six months if the mother resolved her substance abuse issues by obtaining substance abuse treatment, remained substance free, and maintained sobriety. The mother was also expected to take part in therapy and follow recommendations for mental health.

On June 10, 2015, the State filed a petition to terminate the mother's parental rights to each of the three children. A hearing was held on the matter on July 9, 2015.

The juvenile court entered an order terminating the mother's parental rights on September 1, 2015. The mother appeals.

## II. Standard of Review.

We review de novo proceedings terminating parental rights. *See In re A.M.H.S.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. Discussion.

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the

grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

Here, the juvenile court terminated the mother's parental rights to all three children pursuant to Iowa Code section 232.116(1)(d).[3] The court also terminated the mother's parental rights to X.P. and Z.P. pursuant to section 232.116(1)(h)[4] and to D.P. pursuant to section 232.116(1)(f).[5] The mother does not dispute the statutory grounds for termination have been met. Thus any claim of error related to the statutory grounds has been waived. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions

---

[3] Iowa Code section 232.116(1)(d) allows the juvenile court to order termination of the parent's parental rights when both of the following have occurred:
> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

[4] Iowa Code section 232.116(1)(h) allows the juvenile court to order the termination of the parent's parental rights when the child at issue is three years of age or younger, has been adjudicated a child in need of assistance, has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days, and cannot be returned to the custody of the parent at the time of the termination hearing.

[5] Iowa Code section 232.116(1)(f) allows the juvenile court to order the termination of the parent's parental rights when the child at issue is four years of age or older, has been adjudicated a child in need of assistance, has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days, and cannot be returned to the custody of the parent at the time of the termination hearing.

relied upon by the appellant for reversal on appeal."); *see also P.L.*, 778 N.W.2d at 40.

The mother maintains termination of her parental rights was not in the best interests of the children. It was undisputed at trial that the mother loves her children and does a good job engaging with them and caring for them during supervised visitations. However, the mother was not able to care for and keep the children safe on a full-time basis. She did not have a residence to take the children to if they were returned to her, and she had not yet addressed her use of marijuana. Although she had recently begun attending individual therapy again, she needed more time to address her mental health issues and her own past traumas including rape and domestic abuse. As the juvenile court aptly stated:

> Most of the services offered to the mother were directed at addressing the mother's mental health issues. The mother's participation in those services has been inconsistent over the past twelve months and any progress in addressing her mental health issues has been minimal and very late in the proceedings. The mother testified at the termination of parental rights hearing that her mental health issues do not impact her ability to safely parent. This Court finds the mother's testimony not credible given the multiple incidents of abuse and neglect that these children have suffered as a result the mother's mental health issues. Furthermore, the mother's inability to acknowledge that her mental health issues impact her parenting ability is indicative of the long road ahead of her that she has before she could be a safe parent to these children or any future child.

Additionally, D.P.'s therapist opined that D.P. needed a "stable, constant, and positive" living arrangement. We believe a stable, permanent home is in the best interests of each of the children, and termination is the way to achieve permanency. *See In re A.M.,* 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.,* 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the

"defining elements in a child's best interest" are the child's safety and the "need for a permanent home")). Termination of the mother's parental rights is in the best interests of the children.

Because we conclude there is no permissive factor that makes termination of the mother's parental rights unnecessary, we affirm.

**AFFIRMED.**